UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
HARRY EUGENE BRISCOE, : CASE NO. 1:18 CV 686
:
    Plaintiff, :
:
vs. : OPINON & ORDER
:
WARDEN LASHANN EPPINGER, *et al*., :
:
    Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Harry Eugene Briscoe, a convicted and sentenced Ohio prisoner incarcerated in the Grafton Correctional Institution (GCI), has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Warden LaShann Eppinger and the Director of the Ohio Department of Rehabilitation and Correction Gary Mohr. (Doc. No. 1.) He alleges the defendants are holding him in GCI unlawfully "in an illegal servitude" and "without a valid complaint." (*Id*. at 3, 4.) He seeks $50 million dollars in damages and an order that the badges of the defendants be withdrawn. (*Id*. at 5.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e) and 1915A, to screen all *in forma pauperis* actions and actions in which prisoners seek redress from governmental officials or employees, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e) and 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Case No. 1:18CV686
Gwin, J.

The Court finds this action must be dismissed.

In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." The Supreme Court instructed that when a state prisoner seeks damages in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

The plaintiff's claims in this case clearly imply the invalidity of the state court conviction for which he is incarcerated. Accordingly, pursuant to *Heck*, in order to pursue a civil rights action under § 1983 challenging his imprisonment, the plaintiff must demonstrate that his conviction or sentence has already been invalidated or called into question in one of the ways articulated in *Heck*. Nothing in the plaintiff's complaint reasonably suggests his state conviction has been so invalidated.

Accordingly, under *Heck*, the plaintiff has not alleged cognizable claims under § 1983 and his complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 26, 2018   *s/ James S. Gwin*
                       JAMES S. GWIN
                       UNITED STATES DISTRICT JUDGE